NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit

Chicago, Illinois 60604

Submitted December 10, 2012*

Decided December 18, 2012

Before

FRANK H. EASTERBROOK, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

| | |
|---|---|
| **No**.  12-2693 | Appeal from the United States District Court for the Western District of Wisconsin. |
| MINERALS DEVELOPMENT & SUPPLY COMPANY, INC., *Plaintiff-Appellant*, | |
| v. | No. 10-cv-00488-wmc William M. Conley, *Chief Judge*. |
| HUNTON & WILLIAMS LLP, *et al.*, *Defendants-Appellees*. | |

**Order**

Defendants removed this suit to federal court, asserting that it comes within the diversity jurisdiction.

Plaintiff Minerals Development & Supply Co. is an Illinois corporation with its principal place of business in Illinois. The notice of removal stated, with respect to defendant Hunton & Williams, a partnership, that none of its partners is a citizen of Illinois. The notice did not identify the names and citizenships of each partner. The

---

* This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

district judge did not request that information, nor did plaintiffs. The judge then dismissed the complaint under Fed. R. Civ. P. 12(b)(6), and plaintiff appealed.

Circuit Rule 28(a)(1) requires the parties to identify "the citizenship of all members" of every partnership. Despite this rule, plaintiff simply repeated the statement in the removal notice that none of the partners is a citizen of Illinois or Wisconsin. Hunton & Williams, as appellee, likewise failed to comply with Circuit Rule 28(a)(1). This court, acting on its own, insisted that Rule 28 be followed. The disclosure revealed that three of the partners are expatriates, and thus neither aliens nor citizens of any state. That spoiled complete diversity of citizenship, and we remanded with instructions to return the litigation to state court.

Minerals Development then asked for an award of attorneys' fees under 28 U.S.C. §1447(c), which allows such an award when a removal is unreasonable. See *Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005). The district court denied that motion, observing that Minerals Development itself had accepted the removal's propriety and that the problem did not come to light until the case was on appeal. Moreover, the judge observed, until this case the Seventh Circuit had not decided the jurisdictional effect of expatriate partners.

Because the district judge exercises discretion when acting under §1447(c), see *Martin*, 546 U.S. at 139–41, appellate review is deferential. The district court did not abuse its discretion in concluding that a removal cannot be called "unreasonable" when the circuit lacks an authoritative precedent and when all litigants and the district court thought the removal proper. Minerals Development says that this amounts to blaming the victim. Hunton & Williams, as the proponent of federal jurisdiction, had the burden to establish the existence of complete diversity. That's true enough, but Minerals Development had an obligation to call errors to the district court's attention and our attention too; it did not do so. Circuit Rule 28(a)(1) told Minerals Development precisely what was required, but Minerals Development did not comply. Although Minerals Development raised jurisdictional issues concerning different parties, it accepted as adequate the removal by Hunton & Williams. Minerals Development thus is poorly situated to contend that the lack of jurisdiction is so apparent that any assertion of federal jurisdiction must be unreasonable.

AFFIRMED